10-3359-ag (L)
NLRB v. County Waste of Ulster

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2011

(Argued: December 13, 2011        Decided: January 6, 2012)

Docket Nos. 10-3359-ag (Lead) 10-3615-ag (XAP)

_____

NATIONAL LABOR RELATIONS BOARD,

*Petitioner-Cross-Respondent*, and

LIUNA

*Intervenor-Petitioner/Cross-Respondent*

—v.—

COUNTY WASTE OF ULSTER, LLC,

*Respondent-Cross-Petitioner.*

_____

Before: SACK, KATZMANN, and PARKER, *Circuit Judges*.

Petition to enforce and cross-petition to review a National Labor Relations Board

("Board") decision and order, concluding that respondent/cross-petitioner violated section

8(a)(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(2), by allowing a

union to distribute a bonus to employees when an election was pending. *County Waste of Ulster,*

*LLC*, 355 N.L.R.B. No. 64 (2010). We hold that the Board's review of this case was adequate

and that Board members who enter a decision that is vacated pursuant to the Supreme Court's holding in *New Process Steel*, *L.P. v. NLRB*, 130 S. Ct. 2635 (2010) ("*New Process Steel*"), may participate in the panel that reviews the case on remand. Petition to enforce **GRANTED** and cross-petition to review **DENIED**.

_____

| | |
|---|---|
| Counsel for Petitioner/Cross-Respondent: | AMY H. GINN, Attorney (Julie B. Broido, Supervisory Attorney, Lafe E. Solomon, Acting General Counsel, Celeste Mattina, Acting Deputy General Counsel, John H. Ferguson, Associate General Counsel, Linda Dreeben, Deputy Associate General Counsel, *on the brief*), National Labor Relations Board, Washington, D.C. |
| Counsel for Intervenor-Petitioner/Cross-Respondent: | TAMIR W. ROSENBLUM**,** Mason Tenders District Council of Greater New York, New York, N.Y. ( Joseph J. Vitale, Cohen, Weiss and Simon LLP, New York, N.Y., *on the brief*) |
| Counsel for Respondent/Cross-Petitioner: | STUART WEINBERGER, Goldberg and Weinberger LLP, New York, N.Y. |

_____

PER CURIAM:

The Board petitions to enforce its August 10, 2010 decision and order (the "August 2010 Decision"), concluding that County Waste, LLC ("County Waste") violated section 8(a)(2) of the NLRA, 29 U.S.C. § 158(a)(2), by allowing Local 124, to distribute a bonus to employees when an election was pending. *County Waste of Ulster, LLC*, 355 N.L.R.B. No. 64 (2010). The competing union, Local 108, Laborers International Union of North America ("Local 108"), was granted permission to intervene. Respondent County Waste cross-petitions for review of the

August 2010 Decision. In its petition for review, County Waste contends that the August 2010 Decision cannot be enforced since two of the Board members who entered it also sat on the panel that issued an earlier decision in this case (the "February 2009 Decision"), which was vacated by this Court pursuant to *New Process Steel*. *County Waste of Ulster, LLC v. NLRB*, 385 F. App'x 11 (2d Cir. 2010).[1] Because we find that nothing in *New Process Steel* precludes Board members who enter a subsequently vacated decision from participating on the panel that reviews the case on remand, we grant the Board and Local 108's petition to enforce the August 2010 Decision and deny County Waste's cross-petition for review.

## I.    Background

In order to determine whether the Board's conduct in this case comports with the Supreme Court's holding in *New Process Steel*, we need only consider this case's procedural history. Following an election convened on January 6, 2006, Local 108 filed an unfair labor practice charge against County Waste alleging a number of unfair labor practice violations, and the Board issued a complaint based on that charge. In an opinion dated May 9, 2007**,** Administrative Law Judge Raymond P. Green (the "ALJ") issued a decision dismissing many of Local 108's unfair labor practice claims, but concluding that County Waste had violated section 8(a)(1) and (2) of the NLRA.

---

[1] County Waste also argues that: substantial evidence does not support the Board's finding that Local 124 was permitted to distribute the bonus; even if Local 124 distributed the bonus, this conduct did not violate the NLRA; and, the Board engaged in "sham" decisionmaking. We address these issues in a separate summary order in which we hold that (1) substantial evidence supports the Board's finding that County Waste permitted Local 124 to distribute a bonus while an election was pending; (2) the Board reasonably concluded that by allowing Local 124 to distribute the bonus, County Waste sought to influence the election in violation of section 8(a)(2) of the NLRA; and, (3) County Waste did not proffer adequate evidence to overcome the presumption that public officers properly discharge their duties.

On February 11, 2009, a two-member panel of the Board affirmed the ALJ's determination that County Waste violated section 8(a)(2) of the NLRA "by allowing Local 124 to distribute the bonus to employees." *County Waste of Ulster, LLC*, 353 N.L.R.B. No. 89, at 1 (2010). It did so "for the reasons set forth in the [ALJ's] decision." *Id.* However, it remanded the case to the ALJ to clarify his finding that County Waste violated section 8(a)(1) by granting the bonus since this violation had not been alleged in the complaint.[2] *Id.*

Thereafter, County Waste filed a petition to review the February 2009 Decision, asserting, *inter alia*, that the Board lacked jurisdiction since only two Board members were involved in deciding the case and, at the time the case was decided, the Board had only two members. The Board cross-appealed to enforce its decision and order. By summary order dated July 1, 2010, this Court vacated and remanded the February 2009 Decision in light of the Supreme Court's decision in *New Process Steel*, which held that a delegee group of the NLRB cannot exercise its delegated authority once the group's and the NLRB's membership falls to two. *County Waste of Ulster, LLC*, 385 F. App'x at 11. County Waste petitioned for a rehearing on the basis that this Court's order remanding the case did not direct that the matter be returned to a panel from which the two Board members who entered the February 2009 Decision would be excluded. On July 27, 2010, this motion was denied and, on August 6, a judgment mandate issued, returning the case to the Board.

On August 10, 2010, County Waste filed a request with the Board that the two members who were on the original panel be excluded from the panel reviewing the case on remand. The same day, the Board entered a decision affirming the February 2009 Decision. The two

---

[2] On remand, the section 8(a)(1) charge was dismissed.

members who entered the February 2009 Decision also participated on the panel that entered the August 2010 Decision. In a footnote, the Board noted:

> Consistent with the Board's general practice in cases remanded from the courts of appeals, and for reasons of administrative economy, the panel includes the members who participated in the original decision. Furthermore, under the Board's standard procedures applicable to all cases assigned to a panel, the Board members not assigned to the panel had the opportunity to participate in the adjudication of this case at any time up to the issuance of this decision.

*County of Ulster, LLC*, 355 N.L.R.B. No. 64, at 1 n.3 (2010). By letter dated September 7, 2010 County Waste asked the Board to reconsider its August 2010 Decision. On September 27, the Board entered an order denying County Waste's motion. *County Waste of Ulster, LLC*, 355 N.L.R.B. No. 193 (2010).

## II.    Discussion

County Waste contends that pursuant to *New Process Steel*, the August 2010 Decision is unenforceable since two of the Board members that entered that decision also participated in the panel that issued the February 2009 Decision. This argument is unavailing. In *New Process Steel,* the Supreme Court held that section 3(b) of the NLRA as amended by the Taft-Hartley Act, 29 U.S.C. § 153(b) ("Section 3(b)"),[3] which sets out the Board's quorum requirements and

---

[3] This section, titled "[d]elegation of powers to members and regional directors; review and stay of actions of regional directors; quorum; seal," provides in pertinent part, that:

> The Board is authorized to delegate to any group of three or more members any or all of the powers which it may itself exercise . . . . A vacancy in the Board shall not impair the right of the remaining members to exercise all of the powers of the Board, and three members of the Board shall, at all times, constitute a quorum of the Board, except that two members shall constitute a quorum of any group designated pursuant to the first sentence hereof.

29 U.S.C. § 153(b).

delegation procedures, does not permit a two member panel of the Board to decide a case when the Board itself consists only of two members, 130 S. Ct. at 2638. Nothing in the text of Section 3(b) or the Supreme Court's reasoning in *New Process Steel* addresses or even implicates how the Board should handle cases that are vacated and remanded. Moreover, it is well-established that even a reversal on appeal does not preclude an adjudicator from deciding the same question on remand. *Withrow v. Larkin*, 421 U.S. 35, 57 (1975) Here, it is undisputed that the August 2010 Decision was issued by a three member panel of the Board. Accordingly, the Board acted within its authority under Section 3(b).

## III. Conclusion

For the foregoing reasons, the Board and Local 108's motion to enforce is **GRANTED** and County Waste's petition to review is **DENIED**.